UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRY BUCHANAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00691-JPH-MJD |
| POLICE DEPT., SCHRIVER Officer, Badge #281, MCKINNEY Officer; Badge #284, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

**I. Granting *in forma pauperis* status**

Mr. Buchanan's motion to proceed *in forma pauperis*, dkt. [11], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Buchanan to proceed without prepaying the filing fee, he remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

**II. Screening**

**A. Screening Standard**

The Court has the inherent authority to screen Mr. Buchanan's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims

1

within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats,* 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015).

### B. Complaint

Mr. Buchanan's complaint asserts constitutional claims against three defendants, including a claim against Defendant "Police Dept." Dkt. 1 at 1. However, "a police department is not a suable entity under § 1983." *Best v. City of Portland,* 554 F.3d 698, 698 n.\* (7th Cir. 2009). Therefore, any constitutional claims against the "Police Dept." must be **dismissed**.[1]

For the remaining defendants—Officers B. McKinney (Badge #284) and K. Schriver (Badge #281)—Mr. Buchanan alleges that they "randomly stopped" him, "placed [him] in handcuffs and double locked" them, used an "excessive amount of force against" him after he asked to catch his breath, and "tackled [him] into the car" even though he wasn't resisting. Dkt. 1 at 1; dkt. 4 at 1. He

---

[1] The Clerk is therefore **directed** to remove "Police Dept." from the docket.

alleges that, at this point, his "leg was caught under the door frame," and Officer Schriver "taser[ed]" him twice, once on his "heart area" and once on the other side of his chest. *Id.* He alleges that the officers then "pulled [him] out of the car and slammed [him] on [his] back" and kneeled on him as he yelled that he "need[ed] medical treatment." *Id.* He alleges that he told them that he felt like his "heart stopped" from when he "was tossed." *Id.* He also alleges that this incident hurt his "shoulder and back" and that he had "a lot of pain throughout [his] body." Dkt. 4 at 2. The defendants then put him back in the car and took him to the Vigo County Jail even though he asked to see an EMT. *Id.* at 2; dkt. 4 at 2. He was later taken to Union Hospital in Terre Haute. *Id.*

Liberally construed, Mr. Buchanan's complaint thus states a claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment against Officers Schriver and McKinney, and this claim **shall proceed**. If Mr. Buchanan believes that his complaint alleged additional claims not identified in this order, he shall have through **May 7, 2021** to identify those claims.

### III. Directing Service of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to Officers Schriver and McKinney in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, the supplement to the complaint, dkt. 4, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 4/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRY BUCHANAN
825 S. 7th Street
Terre Haute, IN 47807

OFFICER BRYAN MCKINNEY, Badge #284
17 Harding Avenue
Terre Haute, IN 47807

OFFICER KELBY SCHRIVER, Badge #281
17 Harding Avenue
Terre Haute, IN 47807