UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERRY BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00691-JPH-MJD |
| | ) | |
| SCHRIVER Officer, Badge #281, | ) | |
| MCKINNEY Officer; Badge #284, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Terry Buchanan alleges that Terre Haute police officers used excessive force in violation of the Fourth Amendment when they arrested him. Dkt. 1. The officers have moved for summary judgment. Dkt. [24]. For the reasons that follow, that motion is **GRANTED.**

## I.
## Facts and Background

Because the officers have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Mr. Buchanan has not responded to the summary judgment motion, so the Court treats the officers' supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f). Although the Court liberally construes *pro se* pleadings,

1

"even those who are *pro se* must follow court rules and directives." *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012).

On November 8, 2020, Terre Haute Police Officers Bryan McKinney and Kelby Shriver responded to complaints about someone acting strange and refusing to leave a gas station in Terre Haute. Dkt. 24-7, ¶ 7; dkt. 24-8, ¶ 7. Responding to the call, the officers observed Mr. Buchanan walking in the travel lanes of Fort Harrison Road. Dkt. 24-7, ¶ 9. Although the temperature was in the 50s, Mr. Buchanan was not wearing a shirt, socks, or shoes. *Id.* Mr. Buchanan had scratch marks on his chest and back, and made strange statements, including that he was "King of New England" and that he was looking for his pet hyena. *Id.* ¶ 10. Believing that Mr. Buchanan was "in an altered state of mind," Officer McKinney handcuffed and detained him. *Id.* ¶ 10.

Mr. Buchanan refused the officers' request to enter their patrol vehicle, so they attempted to force him inside. *Id.* ¶ 12. Mr. Buchanan continued to resist, kicking Officer Schriver multiple times as they forced him into the car. *Id.* Officer Schriver tased him in response, but it did not appear to affect Mr. Buchanan, who continued to struggle and kick Officer Schriver. *Id.*

Officer Schriver then removed Mr. Buchanan from the car, and Mr. Buchanan attempted to break away from the officers. Dkt. 24-8, ¶¶ 15–16. Officer McKinney used a leg sweep technique to take him to the ground. Dkt. 24-7, ¶ 13. Mr. Buchanan then struck Officer McKinney with his right knee, and Officer Shriver tased him again. *Id.* ¶ 14. Eventually, with the assistance

of a third officer who arrived at the scene, the officers subdued Mr. Buchanan. *Id.* Officer McKinney then transported him to the Vigo County Jail, which sent him to Union Hospital in Terre Haute to be medically cleared. *Id.* ¶¶ 15–16. Mr. Buchanan later pled guilty to battery against a public safety official. Dkt. 24-6 (judgment of conviction); Ind. Code § 35-42-2-1.

Acting *pro se*, Mr. Buchanan filed a complaint under 42 U.S.C. § 1983 alleging that the officers used excessive force when they arrested him. Dkt. 1. The officers have moved for summary judgment, dkt. 24, and Mr. Buchanan has not responded.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." Id. at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

## III.
## Analysis

In support of their motion for summary judgment, the officers argue that the amount of force used in connection with arresting Mr. Buchanan was objectively reasonable, that they are entitled to qualified immunity, and that Mr. Buchanan did not suffer any damages.[1] Dkt. 27. Mr. Buchanan has not responded. Dkt. 24-1, ¶ 9.

An "excessive force claim . . . is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." *Graham v. Connor*, 490 U.S. 386, 394 (1989) (citation omitted). Under the Fourth Amendment's objective reasonableness standard, courts must "balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Scott v. Harris*, 550 U.S. 372, 383 (2007).

When evaluating whether the force used was excessive, the Court looks "to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

---

[1] When the defense of qualified immunity is raised, the Court has discretion to determine if a constitutional violation occurred before addressing whether the law was clearly established. *Pearson*, 555 U.S. at 236.

Here, the undisputed facts show that Mr. Buchanan struggled and kicked Officer Schriver multiple times while the officers attempted to place him into the patrol vehicle. Dkt. 24-7, ¶ 11–12. Mr. Buchanan also attempted to walk away from the officers while being detained and kneed Officer McKinney after the officers took him to the ground. *Id.* at ¶ 13–14. Based on these facts, Mr. Buchanan pled guilty to battery against a public safety official. Dkt. 24-6 (judgment of conviction); Ind. Code Ann. § 35-42-2-1. These undisputed facts show that Mr. Buchanan actively resisted arrest and posed an immediate threat of bodily harm to Officers McKinney and Schriver. *Graham*, 490 U.S. at 396.

The reasoning in *United States v. Norris*, 640 F.3d 295, 303 (7th Cir. 2011), is equally applicable here. In *Norris*, two officers approached a suspect outside of his home while executing a search warrant and the suspect responded by turning to run inside his house. *Id.* at 302–03. The officers ordered him to stop, and not only did he ignore that command, but he also reached toward his waistband "out of view of the officers." *Id.* at 303. One of the officers then tased the suspect. *Id.* The Seventh Circuit affirmed the reasonableness of the officer's conduct because the suspect "displayed an unwillingness to accede to reasonable police commands, and his actions suggested an intent to use violence to fend off further police action." *Id.*; *see also Clarett v. Roberts*, 657 F.3d 664, 674–75 (7th Cir. 2011) (affirming jury verdict finding that an officer's decision to tase plaintiff three times was

5

reasonable because the plaintiff was flailing, kicking the officer, and resisting arrest).

As in *Norris*, the undisputed facts show that Mr. Buchanan repeatedly ignored police commands and exhibited behavior that threatened escalated violence if the officers did not employ some level of force.  Based on these undisputed facts, no reasonable juror could find the use of the taser was unreasonable, and therefore, the officers are entitled summary judgment on Mr. Buchanan's excessive force claim.

## IV.
## Conclusion

The officers' motion for summary judgment is **GRANTED**.  Dkt. [24].  Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 8/18/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRY BUCHANAN
1330 Lafayette
Terre Haute, IN 47807

Mark Douglas Hassler
HUNT HASSLER & LORENZ, LLP
hassler@hkmlawfirm.com

Jacob H. Miller
HUNT HASSLER LORENZ KONDRAS LLP
jmiller@hkmlawfirm.com

6